**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**TREMAINE TAZEWELL,**

          **Petitioner,**

**v.**                                        **Civil Action No. 5:18cv50
                                                 (Judge Stamp)**

**FREDERICK ENTZEL,**

          **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On April 16, 2018, the *pro se* Petitioner, Tremaine Tazewell, an inmate then incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 10. For the reasons outlined below, the undersigned now issues this Report and Recommendation without requesting a response from the Respondent.

### II. Factual and Procedural History[1]

#### A. Conviction and Sentence

On November 13, 2007**,** the Petitioner was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute at least one kilogram

---

[1] The facts are taken from the Petitioner's criminal Case No. 1:07cr1035 in the United States District Court for the Southern District of New York, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

and more of heroin, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 8 41(b)(1)(A). ECF No. 69-1. The indictment set forth the statutory language, the amount of heroin that was the subject of the conspiracy, and two overt acts reflecting the Petitioner's instructions to an unindicted co-conspirator during the course of the drug distribution conspiracy.

On August 13, 2008, approximately ten days prior to the start of the scheduled trial in the case and pursuant to 21 U.S.C. § 851, the Government filed a prior felony information, which stated as follows:

> On or about December 31, 1997, in New York Supreme Court, Queens County, TREMAIN ARRNEL TAZEWELL, a/k/a "Roc," a/k/a "Slim," the defendant, was convicted of attempted criminal possession of a controlled substance in the third degree, in violation of New York Penal Law 220.16(1) a Class C Felony, for which he received a sentence of three to six years' imprisonment.
>
> Accordingly, TREMAIN ARRNEL TAZEWELL, a/k/a "Roc," a/k/a/ "Slim," the defendant, is subject to the enhanced penalties of Title 21, United States Code, Section 841(b)(1)(A).

ECF No. 40.

On September 2, 2008, the Petitioner pleaded guilty, pursuant to a plea agreement dated August 29, 2008. In the plea agreement, the parties stipulated that the Petitioner's offense level was 34, calculated as follows:

(1) Pursuant to U.S.S.G. §§ 2D1.1(a)(3) and 2D1.1(c)(3), the base offense Level is 34, because the defendant possessed with intent to deliver At least 3 but less than 10 kilograms of heroin.

(2) Notwithstanding the above, and pursuant to U.S.S.G. § 4B1.1(a), the Defendant is a career offender because (1) the defendant was at least 18 years old at the time of the instant offense, (2) the instant offense is

a felony controlled substance, and (3) the defendant has at least two prior felony convictions for controlled substance offense. Pursuant to U.S.S.G. § 4B1.1(b)(A), the defendant's offense level is 37, because the instant offense carries a statutory maximum of life imprisonment.

(3)    If the defendant timely accepts responsibility for his conduct, he is entitled to a 3-level reduction in the offense level pursuant to U.S.S.G. § 3E1.1(a) & (b).

(4)    The parties agree that, in accordance with the above, the applicable Guidelines offense level is 34.

Based upon these agreed-upon calculations, the parties further agreed that the Petitioner's sentencing Guidelines range was 267 to 327 months' imprisonment, with a mandatory minimum sentence of 240 months. ECF No. 69-2.

The Petitioner was sentenced on April 7, 2009. At sentencing, defense counsel requested a below-guidelines sentence of 240 months. The Petitioner asked the Court to "take back" the prior felony information filed by the Government, so that his mandatory minimum would be ten rather than twenty years. Defense counsel noted that he had discussed the prior felony information with his client at length before it was filed and acknowledged that the Court could not withdraw the information. The Court then adopted the Guidelines calculations set forth in the PSR, which yielded a Guidelines range of 262-327 months' imprisonment, with a mandatory minimum sentence of 240 months. ECF No. 69-4.

The Court sentenced the Petitioner to a term of 240 months' imprisonment, to be followed by a term of ten years' supervised release. The Court did not impose a fine or

3

restitution, but did impose the $100 mandatory special assessment and forfeiture in the amount of $35,000. ECF No. 57.

### B. Appeal

The Petitioner filed a Notice of Appeal on April 22, 2009 [ECF No. 60] and subsequently requested leave to proceed *n forma pauperis*. ECF No. 62. On June 5, 2009, the District Court denied the Petitioner's request and noted that the Petitioner's appeal was filed more than ten days after the entry of judgment. On October 23, 2009, the Court of Appeals for the Second Circuit ordered that the Petitioner's appeal be dismissed. ECF No. 63.

### C. Motion to Vacate, Appeal Thereof and other Motions for Relief

On September 13, 2012, the Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Petitioner appears to have raised the following grounds for relief: (1) the indictment did not set forth all the elements of the offense, including the elements of his intent and the drug type, and therefore it failed to satisfy the Fifth Amendment; (2) he was not informed of all the elements of the crime during the plea proceeding and there was an insufficient factual allocution; (3) the Court failed to make the required factual findings for the sentence imposed; and (4) the Court had the power to withdraw the prior felony information and should have done so. The Government filed a response on December 8, 2012. ECF No. 69. On January 29, 2013, the Court entered an order denying the habeas petition. See  ECF No. 4, Civil Action No. 1:12cv7022 (S.D. NY).

On October 17, 2013, the Petitioner filed a second Motion to Vacate under 28 U.S.C. § 2255. ECF No. 71.  The Petitioner raised the decision in Alleyne v. United States, as grounds for relief. On January 23, 2014, the motion was transferred as a

second or successive petition to the Court of Appeals. On February 19, 2014, the motion was denied because the Petitioner had not satisfied the criteria set forth in 28 U.S.C. § 2255(h). The Court of Appeals specifically noted that it had held that <u>Alleyne</u> did not announce a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.

On August 2, 2016, the Petitioner filed a third habeas petition under 28 U.S.C. § 2255, raising the ruling in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), as grounds for relief. ECF No. 72.  On September 29, 2016, the petition was transferred to the Second Circuit. ECF No. 75.  On April 10, 2017, the Court of Appeals denied the Petitioner leave to file a successive § 2255 motion because the Supreme Court had recently held that the holding in <u>Johnson</u> does not apply to the Sentencing Guidelines when they are treated as advisory rather than mandatory. No. 16-cv-5416 (2nd Cir. Apr. 10, 2017)

### D.   Instant § 2241 Petition

The Petitioner alleges that the sentence imposed by the Southern District of New York is improper because his prior conviction no longer qualifies as a predicate offense for enhanced punishment under § 841(b)(1)(A). . In support of that allegation, the Petitioner relies on <u>Descamps v. United States</u>[2], 133 S.Ct. 2276 ( 2013) and <u>Mathis v. United States</u>[3], 136 S.Ct. 2243 (2016). More specifically, the Petitioner alleges that his

---

[2] In <u>Descamps</u>, the Supreme Court held that to determine whether a past conviction is a violent felony within the meaning of the ACCA, courts should use the categorical approach if the state statute is indivisible. However if the statute is divisible, or defines multiple offenses, and at least one of the offenses included on the statute is not a violent felony, courts should apply a modified categorical approach.

[3] In <u>Mathis</u>, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate

prior conviction under N.Y. Penal Law § 220.16, is an "indivisible statute" defining one crime, and thus requires application of the categorical approach delineated in Descamps and Mathis. For relief, the Petitioner requests that this Court grant him a hearing, vacate his judgment, and impose a new sentence. ECF No. 1 at 8.

### III. Standard of Review

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts

---

offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation

bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

F.3d 583, 588 (7th Cir. 2013)).  In <u>Wheeler</u>, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and <u>Jones</u> is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, <u>supra</u>, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

### IV. Analysis

Although the Petitioner raises the savings clause, it is clear that he is not entitled to its application.  The Petitioner is not challenging his conviction and therefore, the <u>Jones</u> test is not applicable.  Instead, because the Petitioner is challenging his sentence, the Court must review the petition under the four-part <u>Wheeler</u> test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  However, as discussed more fully below, the Petitioner cannot meet the second element of the <u>Wheeler</u> test, because the Petitioner has identified no

change in settled law expressed by either the Supreme Court or the Fourth Circuit which has been deemed to apply retroactively to cases on collateral review.  Because the Petitioner cannot meet the second prong of the <u>Wheeler</u> test, this Court does not need to consider the third or fourth parts of the test.

Liberally construed, the Petitioner asserts that, pursuant to <u>Mathis</u> and <u>Descamps</u>, his prior conviction for attempted criminal possession in the third degree does not qualify as a felony drug offense. However, district courts in this Circuit and elsewhere have held that <u>Mathis</u> does not represent a substantive change in the law. <u>See, e.g.</u>, <u>Stewart v. United States</u>, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that <u>Mathis</u> did not announce a new substantive rule applicable to cases on collateral review); <u>Dimott v. United States</u>, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in <u>Mathis</u> . . . ."); <u>Blackwell v. United States</u>, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, <u>Mathis</u> does not set a new rule.").

Rather than changing settled substantive law in <u>Mathis</u>, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Put simply, <u>Mathis</u> sets forth a "procedural rule that has not been made retroactive on collateral review." <u>Fisher v. Rickard</u>, No. 1:17-CV-03730, 2018

WL1405324, at *4 (S.D. W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed.Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactive applicable on collateral review, so Walker cannot proceed under §2241).[5]

Likewise, Descamps does not apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive). Therefore, the Petitioner cannot meet the second prong of Wheeler. Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

In summary, because the Petitioner cannot meet the savings clause of § 2255 under the Wheeler test, the Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI. Recommendation

---

[5] To the extent that the Sixth Circuit has held that Mathis is retroactive in its unpublished opinion in Sutton v. Quintana, No. 16-6534, 2017 WL 4677548 (6th Cir. July 12, 2017), that decision is no binding on this Court and is in direct contradiction to the opinions issued in the Fourth Circuit.

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  September 17, 2018

/s, James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE