IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TREMAINE TAZEWELL,

    Petitioner,

v.                                           Civil Action No. 5:18CV50
                                                            (STAMP)
FREDERICK ENTZEL, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I. Background

The pro se[1] petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner contends that "he is in custody in violation of the Constitution or the laws of the United States because he does not have the necessary predicate convictions to qualify for an enhanced punishment." Id. at 5. The petitioner relies on the following cases: Descamps v. United States, 133 S. Ct. 2276 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016). The petitioner seeks a writ of habeas corpus stating that he is entitled to relief from his unconstitutional sentence. Id. at 8.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

United States Magistrate Judge James P. Mazzone entered a report and recommendation, in which he recommends that the § 2241 petition be denied and dismissed without prejudice. ECF No. 14 at 12.

The petitioner filed objections. ECF No. 16. In his objections, the petitioner first argues that the magistrate judge erred by failing to apply the savings clause to the petitioner's sentence. Id. at 1. Specifically, the petitioner argues that the petitioner meets the fourth prong because "[p]etitioner's prior NY State conviction for attempted criminal possession in the [third] degree (used to impose a mandatory minimum sentence in this case) no longer 'qualifies as a predicate offense' for enhanced punishment." Id. at 2. Therefore, the petitioner argues that he has demonstrated that his current sentence is "sufficiently grave to be deemed a fundamental defect." Id. (citing Wheeler, 886 F.3d at 430). Moreover, the petitioner asserts that Wheeler's second prong is met since Mathis v. United States, 136 S. Ct. 2243 (2016), is retroactive; therefore, he has demonstrated that he has relied on a "substantive change in decisional law that has been 'made retroactive on collateral review.'" Id. (citing Wheeler, 886 F.3d at 429) (emphasis omitted).

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 14) is affirmed and adopted, and the petitioner's objections (ECF No. 16) are overruled.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III. Discussion

First, the magistrate judge correctly found that the petitioner is not entitled to the savings clause under 28 U.S.C. § 2255. Id. at 9. Because the petitioner is not challenging his conviction, the test in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), is inapplicable. Id. Rather, since the petitioner is

challenging his sentence, the four part test in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), applies. Id.

Second, the magistrate judge correctly concluded that because the petitioner cannot meet the second element of the Wheeler test, the petitioner's claims cannot be considered under § 2241, and the Court does not have jurisdiction to consider the petition. Id. at 11.

Therefore, this Court agrees with the magistrate judge's conclusion and adopts and affirms the report and recommendation in its entirety.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 14) is AFFIRMED and ADOPTED and the petitioner's objections (ECF No. 16) are OVERRULED. It is further ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to

counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 15, 2019

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE